## City of Philadelphia, to use, v. Fidelity-Philadelphia Trust Co.

*Frederick R. Reeves* and *Glenn C. Mead,* for plaintiffs.
*Orr, Hall & Williams,* for defendant.

LAMBERTON, J., February 1, 1934.—These three actions arise on sci. fa.'s sur municipal claims filed as the result of the construction of a sewer in Sixty-seventh Street from the Schuylkill River to Eastwick Avenue, in the Fortieth Ward of the City of Philadelphia, and were tried at the same time. All three cases resulted in verdicts for the plaintiff, for the full amount of the claims and interest. Defendant filed rules for new trials and motions for judgment n. o. v., but at the argument withdrew his rules for new trials and pressed only his motions for judgment n. o. v. The questions of law involved in the three cases are identical.

On July 22, 1926, the Mayor of the City of Philadelphia approved an ordinance of council authorizing the construction of many sewers, including the one in question. The ordinance (p. 464) contained the following proviso: *"Provided,* No such assessment shall be charged for the sewers authorized by this ordinance where the same are built upon undedicated streets, and where the properties are not assessed at full City rates, but no permits shall be issued for the drainage of properties on the line of said sewers until the regular frontage charges shall have been paid."

Nothing having been done pursuant to said ordinance, the Mayor of the City of Philadelphia on June 12, 1928, approved another ordinance of council, authorizing the construction of many sewers, again including the sewer in question. The proviso contained in the ordinance of July 22, 1926, was omitted from the ordinance of June 12, 1928, but the latter ordinance (p. 291) contained the following proviso: *"Provided,* That the authorization herein provided for sewers in the beds of streets upon the City plan but not now legally opened to the City plan width shall be null and void unless said streets are fully legally opened by dedication within three months following the date of approval of this ordinance."

Subsequent to the passage of this latter ordinance, the Director of the Department of Public Works advertised for bids for the construction of the

Sixty-seventh Street sewer, and on April 9, 1929, the City of Philadelphia entered into a written contract with Joseph and Robert Lombardi, use-plaintiffs herein, for the construction thereof. Said sewer was completed on December 2, 1929. These facts are undisputed.

In support of his motion for judgment n. o. v., counsel for defendant has argued four points: (1) That the sewer was not constructed pursuant to law, because Sixty-seventh Street was not legally opened on June 12, 1928, and was not opened by dedication within 3 months thereafter, as provided in the ordinance of June 12, 1928; (2) that the property against which the municipal liens were filed is not yet subject to assessment because it was not assessed at full city rates, as provided in the ordinance of July 22, 1926; (3) that the land in question was in fact not urban but rural; (4) that the land in question was not benefited by the construction of the sewer.

Numbers (3) and (4) above can be quickly disposed of. There was ample evidence from which a jury could find, and under proper instruction from the court the jury did find, that the land was urban and that it was benefited by the construction of the sewer.

In regard to (1) above, it is undisputed that Sixty-seventh Street was not, on June 12, 1928, legally opened. It is undisputed that Sixty-seventh Street went through properties owned by defendant, and that defendant never made any deed of dedication. It is undisputed that the sewer was built. The fact is that, on August 6, 1928, 5 weeks before the expiration of the 3-months period stipulated in the ordinance of June 12, 1928, Sixty-seventh Street was legally opened by ordinance of the city council.

The effect of the proviso in the ordinance of June 12, 1928, was that there would be no authority for the construction of a sewer in Sixty-seventh Street if it was not legally opened within the 3-months period. This was not intended for the protection of the property owner, but for the protection of the city. The council, by acting within 3 months, made it impossible for Sixty-seventh Street to be opened by dedication. It would seem idle to argue that council, having itself produced the result upon which it insisted, had thereby permanently abrogated the authority contained in the ordinance. We might well in this connection adopt the language used by counsel for the use-plaintiff in his brief, as follows:

"A provision of this kind is of frequent occurrence in ordinances authorizing the improvement of streets. The purpose of it is to obtain the land in the bed of a street without cost to the city if possible. The vital part of the proviso is to expedite the improvement of the street and get the necessary action within 3 months. If the improvement is important and urgent, and the property owners show no disposition to dedicate, the city takes the initiative and opens the street as was done in this case on August 6, 1928. There is nothing in this for an abutting property owner to complain about, because it reserves to him his right to claim damages from the loss of land required for the opening of the street. The property owner gains by this action on the part of the city, and the city itself runs the risk of having damages assessed against it for the taking of private property. The property owner is not only assured of sewer facilities in front of his property but is also enabled to have his day in court to prove that his property has been injured by the opening of the street."

In this connection, counsel for defendant also argues that, although there was in fact an ordinance of August 6, 1928 (p. 486), opening Sixty-seventh Street, there is no proper proof of such ordinance in the record. This technical objection is cured by the testimony of Samuel S. Baxter, Registrar, Bureau of Engineering of the City of Philadelphia, called on behalf of defendant.

The final contention of defendant is to the effect that the liens are invalid, because the properties in question were not assessed at full city rates. The fact is that the properties were assessed at suburban rates. The proviso on which counsel for defendant now relies is contained in the ordinance of July 22, 1926. It was omitted from the ordinance of June 12, 1928. Technically, this point cannot be raised by defendant, because it was not raised in the affidavits of defense. In the Practice Act of May 14, 1915, P. L. 483, sec. 16, appears the following: "Neither party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense, or plaintiff's reply, as the case may be".

In the original affidavit of defense filed, defendant raised three points: (1) That the thing constructed was not in reality a sewer; (2) that the land in question was rural and not urban; (3) that the construction produced no benefit to the land in question. At the trial, defendant amended the affidavits of defense by adding a fourth ground, to the effect that the construction of the sewer was not authorized because there had been no dedication of the bed of Sixty-seventh Street within 3 months after the passage of the ordinance of June 12, 1928. Neither in the original affidavits of defense nor in the amendment is there any indication of the point now under consideration.

But, aside from this technicality, we are of the opinion that the sewer was constructed under the ordinance of June 12, 1928, which contains no proviso against assessments against land assessed at less than full city rates.

For the above reasons, the motions for judgment n. o. v. must be dismissed.

And now, to wit, February 1, 1934, defendant's three motions for judgment n. o. v. are dismissed.